UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>v.<br><br>AARON THOMAS,<br><br>                              Defendant. | Case No. 2:14-cr-00368-APG-PAL<br><br>ORDER<br><br>(Mot Dismiss – Dkt. #20) |

Before the court is a Motion to Dismiss Felon in Possession of a Firearm (Dkt. #20) filed by the Defendant who is represented by counsel.

LR IA 10-6(a) provide:

> A party who has appeared by attorney cannot while so represented appear or act in the case. An attorney who has appeared for a party shall be recognized by the Court and all of the parties as having control of the client's case. The Court in its discretion may hear a party in open court even though the party is represented by an attorney.

As Mr. Thomas is represented by counsel, any motions should be filed by his lawyer. The deadline for filing pretrial motions was February 20, 2015. The trial is currently set for April 27, 2015, with calendar call on April 22, 2015.

On the merits, even if this motion had been timely filed by counsel, it would be denied because it challenges the sufficiency of the evidence to charge or convict Mr. Thomas with felon in possession of a firearm. The grand jury heard the evidence presented before it and found probable cause that the offense had been committed and that the Defendant committed it. Fed. R. Crim. P. 12(b) allows a party to file a pretrial motion raising "any defense, objection, or request that the court can determine without a trial of the general issue." In ruling on a motion to dismiss an indictment, a court is limited to "the face of the indictment and must accept the facts alleged in the indictment as true." *Winslow v. United States*, 216 F.2d 912, 913 (9th Cir. 1954),

cert denied, 349 U.S. 922 (1955).  An indictment is sufficient if it: (1) contains the elements of the offense charged and fairly informs the Defendant of the charge against him; and (2) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *United States v. Hill,* 279 F.3d 731, 741 (9th Cir. 2002) (citing *Hamling v. United States*, 418 U.S. 87 (1974)).  The sufficiency of an indictment is determined by "whether the indictment adequately alleges the element of the offense and fairly informs the defendant of the charge, *not whether the government can prove its case.*" United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993) (emphasis added).

Here, Thomas asks the court to dismiss the felon in possession charge based on factual arguments that there is no evidence or proof that he possessed a firearm on or about October 28, 2014.  These are factual arguments for a jury to decide that may not be raised in a pretrial motion to dismiss.

For these reasons,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Dkt. #20) is **DENIED.**

DATED this 20th day of March, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE